CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
5/2/2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ANTWOINE McKINLEY JONES**, | )<br>) |
| Plaintiff, | ) Case No. 7:23CV00407<br>) |
| v. | ) **OPINION**<br>) |
| **ASHBY, ET AL.**, | ) JUDGE JAMES P. JONES<br>) |
| Defendants. | )<br>) |

*Antwoine McKinley Jones, Pro Se Plaintiff.*

The plaintiff, Antwoine McKinley Jones, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, asserting multiple, misjoined claims against numerous prison officials, Case No. 7:23CV00016. After Jones amended the Complaint, the court severed his case into multiple lawsuits. This case consists of Claim 4 from that prior case. It alleges that officers retaliated against him by threatening him and delaying a legal mailing in June 2021. Jones has filed a Motion for Leave to file an Amended Complaint, which I will grant. After review of Jones' allegations about this incident, I conclude that the case must be summarily dismissed for failure to state a claim.

I.

In Claim 4, Jones alleges the following sequence of events. On June 24, 2021, at Keen Mountain Correctional Center, Officers Ashby and Raznak "threatened to lock [Jones] up on a fake charge" simply because Jones made the statement, "I still have a 1st amendment right to speak so long as I'm not being vulgar or insolent in my language or behavior." Am. Compl. 2, ECF No. 12. Lieutenant Coleman, the building supervisor, was present, but took no step to intervene, although Virginia Department of Corrections (VDOC) policy required him to do so. Jones asked whether Ashby and Raznak (who were passing out legal mail) had any legal mail for him. He told the officers that he was waiting on mail "from [his] attorney Stephen Christopher Swift. The one which both of you read before you gave to me too [sic] see what I was working on, has sent me." *Id.* The officers said Jones "had no mail." *Id.* The following week, the officers brought Jones "the mail, that [he] was supposed to have received the prior week. Claiming that records had [Jones] listed in the wrong cell. Even though they had just given [Jones] mail there three or four days before in the correct cell [he] was listed in." *Id.*

Liberally construed, Jones alleges that Ashby and Raznack verbally threatened him for exercising his right to free speech and then purposely delayed delivery of his legal mail, all to retaliate against him. Jones also alleges that defendant Coleman as a supervisor did not follow VDOC policy and that Ashby and

Raznack's withholding of his legal mail for several days violated his First Amendment right related to the attorney-client privilege. As relief, Jones seeks monetary damages.

## II.

Under 28 U.S.C. § 1915A(a) and (b), the court may summarily dismiss "a complaint in a civil action in which a prisoner seeks redress from . . . [an] officer or employee of a governmental entity" where the court finds that "the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Under the Federal Rules of Civil Procedure, a viable complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard . . . asks for more than a sheer possibility that a defendant

---

[1] I have omitted internal alterations, quotations, or citations here and throughout this Opinion, unless otherwise noted.

has acted unlawfully. *Id.* The complaint must also offer more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" that are couched as facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not shown," a claim on which relief could be granted to the plaintiff. *Id.* at 679.

As an initial matter, allegations that prison officials merely threatened an inmate verbally with a disciplinary charge is not sufficient support for a claimed deprivation of constitutional rights. *Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D.N.C.) ("Words by themselves do not state a constitutional claim, without regard to their nature."), *aff'd*, 917 F.2d 1302 (4th Cir. 1990) (unpublished). Therefore, Jones' allegations that two of the defendants threatened him, or that another failed to intervene in response to those threats, do not support any claim that they deprived Jones of constitutional rights. I will summarily dismiss such claims.

Jones next asserts that Ashby and Raznak threatened him and then delayed delivery of his incoming legal mail for a week to retaliate against him for speaking

up about his First Amendment rights on June 24, 2021. To succeed on his retaliation claim, Jones must establish against each defendant that "(1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." *Martin v. Duffy*, 977 F.3d 294, 299 (4th Cir. 2020). Merely conclusory allegations of retaliation cannot suffice to state any actionable claim under § 1983. *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).

Jones does not state facts to support the necessary elements of a retaliation claim. Yes, Jones has a First Amendment right to say that he has a First Amendment right to free speech. However, he fails to state any facts showing that his statement about his rights is the behavior that motivated the defendants to verbally threaten disciplinary charges against him or to delay delivery of his legal mail. His mere assertion that his declaration and the defendants' challenged actions were somehow causally related is nothing more than conjecture, unsupported by facts based on personal knowledge. Without any factual basis, I need not accept Jones' assertions of retaliatory motive as true. *Iqbal*, 556 U.S. at 678; *Adams*, 40 F.3d at 74.

Moreover, Jones' retaliation claims also fail because he states no facts showing that the defendants' alleged actions had an adverse impact on his exercise of his constitutional rights. "[A] plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from

the exercise of First Amendment rights." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005). Jones does not show that the defendants' alleged verbal threats or their alleged intentional delay of his legal mail into the next week caused any ill effect on his unspecified legal efforts or his communications with counsel, or that their actions chilled his exercise of constitutional rights in any meaningful way. Therefore, I will summarily dismiss Jones' retaliation claims in this action.

Jones also asserts that the delay of his mail violated a constitutional right related to the attorney-client privilege. "The First Amendment, as incorporated through the Fourteenth Amendment, prohibits states from 'abridging the freedom of speech.'" *Haze v. Harrison*, 961 F.3d 654, 658 (4th Cir. 2020) (quoting U.S. Const. amend. I). This prohibition applies to government actions that have indirect, chilling effects on free speech, which arguably includes the attorney-client privilege of confidentiality. *Id.* However, an occasional, negligent delay or interference with legal mail does not impose a deprivation of constitutional proportions. *Pink v. Lester*, 52 F.3d 73, 75–77 (4th Cir. 1995). Indeed, an isolated incident of officers delaying, or even opening or reading, an inmate's legal mail outside his presence does not support a constitutional claim. *Cuozzo v. Warring*, No. 7:21-CV-00501, 2022 WL 3579905, at *7 (W.D. Va. Aug. 19, 2022). Moreover, Jones does not allege that the delay in receiving his legal mail caused any harm to his legal

endeavors. *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989) (finding that delay of legal mail does not implicate the right of access to absent adverse consequences to legal efforts). I will summarily dismiss Jones' claim that delay of his mail violated any constitutional right.

Finally, Jones contends that Coleman is somehow liable under § 1983 because he violated VDOC policy concerning a supervisor's responsibilities. I find no support for this contention. Even if the defendants' actions may have violated VDOC procedures, a violation of a state prison policy, without more, is not a ground for a federal civil rights action. *Jackson v. Sampson*, 536 F. App'x 356, 357–58 (4th Cir. 2013) (unpublished).

For the reasons stated, I will summarily dismiss this action, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief could be granted.

A separate Final Order will be entered herewith.

DATED: May 2, 2024

/s/  JAMES P. JONES
Senior United States District Judge